# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY BANKS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>D.D. SHEPPARD-BROOKS, et al.,<br><br>　　　　Defendants.<br>_____ / | CASE NO. 1:06-cv-01109-OWW-SMS (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED (Doc. 15.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

## I.　FINDINGS

### A.　Procedural History

Rodney Banks ("Plaintiff") is a state prisoner proceeding pro se. The Court granted Plaintiff's motion to proceed in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on August 21, 2006. (Doc. 1.) Plaintiff's complaint was screened and dismissed with leave to amend. (Doc. 12.) On November 10, 2008, Plaintiff filed a First Amended Complaint which is presently before the Court. (Doc. 15.)

### B.　Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

1

§ 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

### C.  **Plaintiff's First Amended Complaint**

Plaintiff is currently a state prisoner at North Kern State Prison. Plaintiff was formerly imprisoned at Corcoran State Prison, where the acts he complains of occurred. Plaintiff names Chief Deputy Warden D.D. Sheppard-Brooks, Sergeant D.B. Scaife, and Doctor Lu as the only defendants in this action. Plaintiff seeks nominal and punitive damages, as well as preliminary and permanent injunctive relief.

Plaintiff alleges that on December 22, 2005, he "started" an inmate 602 form "regarding a vegetarian meal." (Doc. 15, pg. 3.) Around July 11, 2006, he wrote to Chief Deputy Warden Sheppard-Brooks that he was not a religious person, but requested a vegetarian meal because he had given up on eating meat. Id. Plaintiff told Sergeant Scaife that he was going on a hunger strike up to two weeks. Id. Plaintiff's blood sugar was at 23 and he was to see Dr. Lu on July 17, 2006 or July 20, 2006, but Dr. Lu never saw him. Id.

The Court finds that Plaintiff fails to state a cognizable claim against any defendant(s). Plaintiff was previously provided all applicable standards, yet his First Amended Complaint suffers the same deficiencies as his original Complaint, such that it appears he is not able to state

cognizable claims which now necessitates dismissal with prejudice.

**D.      Plaintiff's Claims**

### 1. *Conditions of Confinement - Food*

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45. Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk. Id. at 844-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Id. at 835; Frost, 152 F.3d at 1128.

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. at 8 (quotations and citations omitted).

3

"[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." Id. at 9 (citation omitted). With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. (quotations and citations omitted).

The United States Supreme Court has indicated that prisoners may be placed under conditions of confinement that include a restricted diet for limited periods of time. Hutto v. Finley, 437 U.S. 678, 686-87 (1978) ("[a] filthy, overcrowded cell and a diet of 'grue' might be tolerable for a few days and intolerably cruel for weeks or months.") "The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing." LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993).

Plaintiff alleges that he "started an inmate 602 form" and wrote to Chief Deputy Warden Sheppard-Brooks requesting a vegetarian diet as he was giving up on eating meat. (Doc. 15, pg. 3.) Whether this request was made in the form of an inmate appeal or a letter, Plaintiff is not entitled to a special diet just because he has decided to not eat meat. Pursuant to LeMaire, prisoners need only receive food that is adequate to maintain health. Plaintiff fails to state any facts to show that a diet including meat was inadequate to maintain his health. Plaintiff thus fails and is unable to assert a cognizable claim for not being provided a vegetarian diet merely because he has chosen to stop eating meat. Further, since Plaintiff states that he is not a religious person he also is unable to state a cognizable claim under the Free Exercise Clause.

**2. Deliberate Indifference to Serious Medical Needs**

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes, 452 U.S. at 347. A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting

4

Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 834. Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Deliberate indifference can be manifested by prison guards intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Estelle, 429 U.S. at 104-05. However, where a prisoner alleges a delay in receiving medical treatment, the prisoner must allege that the delay led to further injury. McGuckin, 974 F.2d at 1060.

Plaintiff alleges that Dr. Lu failed to see Plaintiff for a scheduled appointment when his blood sugar was at 23. While a blood sugar level of 23 might present a serious medical need, Plaintiff has failed to assert any information to conclude that Dr. Lu was aware of Plaintiff's low blood sugar and missed the appointment out of deliberate indifference to Plaintiff's serious medical need. Further, Plaintiff fails to state any allegations showing that any such delay in his medical care led to further harm. Plaintiff is thus unable to state a cognizable claim for an Eighth Amendment violation against Dr. Lu.

Plaintiff alleges that he told Sgt. Scaife that he was going on a hunger strike. This is Plaintiff's only allegation against or that refers in any way to Sgt. Scaife. A prisoner telling a

sergeant that he is going to begin a hunger strike in and of itself is insufficient to show a serious risk of harm to that prisoner and deliberate indifference thereto by the sergeant. Plaintiff is thus unable to state a cognizable claim for an Eighth Amendment violation against Sgt. Scaife.

### 3. *Supervisory Liability*

Plaintiff names Chief Deputy Warden Sheppard-Brooks and Sgt. Scaife as defendants -- each of whom holds supervisorial positions. Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

As previously discussed, Plaintiff has not stated cognizable claims against either Chief Deputy Sheppard-Brooks or Sgt. Scaife for their personal participation in a deprivation of Plaintiff's constitutional rights. Plaintiff fails to show any cognizable deprivation(s) of his constitutional rights. Plaintiff also fails to state any allegations that either of these defendants knew of a violation and failed to take preventative actions; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen, 885 F.2d at 646. Plaintiff thus is unable to state a cognizable supervisory claim against either Chief Deputy Sheppard-Brooks or Sgt. Scaife.

**4.** *Injunctive Relief*

Plaintiff seeks injunctive relief. 18 U.S.C. § 3626(a)(1)(A) provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." Plaintiff fails and is unable to state a cognizable claim for violation of any of his Federal rights. Thus, there is no need for the Court to address Plaintiff's request for prospective injunctive relief is moot.

**II.    RECOMMENDATION**

The Court finds that Plaintiff has failed to state a claim against any of the named defendants.

Accordingly, pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), the undersigned HEREBY RECOMMENDS that this action be dismissed with prejudice, based on Plaintiff's failure to state any claims upon which relief may be granted under section 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   March 18, 2009**                    /s/ Sandra M. Snyder
                                                                UNITED STATES MAGISTRATE JUDGE